HOME CLUB, INC., Zayre Corporation, Waban, Inc., and TJX Companies, Inc., Relators,

v.

The Honorable James E. BARLOW, Respondent.

No. 04–91–00456–CV.

Court of Appeals of Texas, San Antonio.

Oct. 23, 1991.

Franklin Eastwood Wright, Groce, Locke & Hebdon, San Antonio, for relators.

R. Laurence Macon, Cox & Smith, Inc., San Antonio, for respondent.

Before REEVES, C.J., and BUTTS and CARR, JJ.

PER CURIAM.

Real party in interest, Sean Lee, sued relators for breach of an employment contract and a change of control severance agreement, along with related causes of action. The severance agreement contains an arbitration clause. In this original proceeding, relators, Home Club, Inc., Zayre Corporation, Waban, Inc., and TJX Companies, Inc., seek a writ of mandamus ordering respondent, Honorable James E. Barlow, visiting judge in the 224th District Court of Bexar County, Texas, to grant relators' motion to stay case pending arbitration and plea in abatement. Relators' motion sought a stay of the proceeding pending arbitration under the Texas General Arbitration Act and the Federal Arbitration Act, 9 U.S.C. §§ 1–3. The ultimate issue is whether relators waived their right to arbitrate the dispute with Lee because of their delay in asserting that right. We conclude they did not waive the arbitration clause.

Lee argues initially that mandamus is inappropriate because there is an adequate remedy at law. Specifically, Lee asserts that an appeal is available under TEX. REV.CIV.STAT.ANN. art. 238–2, Texas General Arbitration Act (Vernon 1973). Lee argues that article 238–2, § A, provides that an appeal may be taken from an order denying an application to compel arbitration. Contrary to Lee's argument, the record does not contain any motion to compel arbitration. Relators only sought a stay pending arbitration.

■ Relators invoked both state and federal law. The denial of a motion to stay pending arbitration under federal law may be reviewed by mandamus. *USX Corp. v. West,* 759 S.W.2d 764 (Tex.App.—Houston [1st Dist.] 1988, orig. proc.). "[S]tate courts, as well as federal courts, are obliged to grant stays of litigation under § 3 of the Arbitration Act." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 26, 103 S.Ct. 927, 942, 74 L.Ed.2d 765 (1983).

■ The contractual right to arbitrate may be waived. *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156 (5th Cir.1986). Waiver of a contractual right to arbitration is not favored, and there is a presumption against it.... Any examination of whether the right to arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements.... Because waiver of the right to arbitration is disfavored, any party arguing waiver bears a heavy burden of proof.

.    .    .    .    .

Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party.... Mere delay in making an arbitration demand does not constitute waiver; it is only when this delay results in actual prejudice that it may amount to a waiver. *USX Corp. v. West*, 759 S.W.2d at 767 (citations to federal authorities omitted).

■ In our case, the following occurred:

8/1/90 —Original petition is filed.

8/23/90 —TJX & Waban, Inc., enters special appearances to contest jurisdiction of Texas courts.

8/30/90 —Lee serves interrogatories on TJX & Waban on jurisdiction issue.

10/1/90 —TJX & Waban answer interrogatories.

10/2/90 —Lee gets default judgment against Zayre Corp.

10/8/90 —Waban concedes jurisdiction and file answer to petition.

10/9/90 —Lee gets default judgment against Home Club.

10/10/90—Court allows Lee to supplement interrogatories.

10/22/90—TJX answers supplemental interrogatories.

10/23/90—TJX files brief in support of special appearance.

11/19/90—Lee initiates discovery to execute default judgments against Zayre & Home Club.

11/30/90—Court overrules TJX's special appearance.

12/5/90 —TJX files answer to petition.

12/5/90 —Lee seeks to sever defaulting defendants.

12/18/90—TJX & Waban file amended answers and pleas in abatement (not based on arbitration clause).

12/18/90—Home Club & Zayre move to set aside default judgments.

12/19/90—Home Club & Zayre oppose motion to sever.

12/28/90—Home Club & Zayre amend opposition to motion to sever.

1/3/91 —Court sets aside default judgments.

1/23/91 —Lee serves second set of interrogatories on TJX.

2/13/91 —Appearance of new counsel for defendants.

2/27/91 —Withdrawal of defendants' prior counsel.

3/1/91 —TJX responds to interrogatories.

8/13/91 —Lee files notices of depositions.

8/14/91 —Lee serves second set of interrogatories on Waban.

8/16/91 —Lee moves for commission to get depositions of foreign witnesses.

8/20/91 —Defendants file motion to stay case pending arbitration and plea in abatement.

8/27/91 —Court enters order denying motion to stay case pending arbitration and plea in abatement.

Although it was almost thirteen months along when relators filed the motion to stay, the litigation was still in its infancy. Relators did not substantially invoke the judicial process to the detriment or prejudice of Lee. Relators have not taken advantage of the judicial process such that they should be barred from pursuing the arbitration route. They have not availed themselves of discovery. Their posture has been defensive by contesting jurisdiction and seeking to set aside default judgments.

It was error for the trial court to have denied the motion to stay. The petition for writ of mandamus is conditionally granted. We are confident that the trial judge will

abide by our decision. A writ of mandamus will issue only if he fails to do so.