United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 30, 2003**

Charles R. Fulbruge III
Clerk

REVISED MAY 2, 2003

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 02-20489

_____

APACHE BOHAI CORPORATION, LDC,

Plaintiff-Appellant,

VERSUS

TEXACO CHINA, B.V.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

m 02-21158

IN THE MATTER OF:

APACHE BOHAI CORPORATION, LDC,

Petitioner.

Petition for Writ of Mandamus to
the United States District Court
for the Southern District of Texas

Before GARWOOD, SMITH, and BARKSDALE,
   Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Apache Bohai Corporation, LDC ("Apache Bohai") appeals an order staying proceedings in the district court and compelling arbitration of its dispute with Texaco China, B.V. ("Texaco"). Because this court's jurisdiction is contested, Apache Bohai filed a conditional petition for writ of mandamus directing the district court to vacate its order and enter an appealable final judgment. Concluding that we lack jurisdiction, we dismiss the appeal. Finding no abuse of discretion, we deny mandamus relief.

I.

On April 2, 1998, Texaco entered into two written farmin agreements[1] with Apache China Corporation ("Apache China"), according to which Apache China agreed to drill and pay for three wells on two of Texaco's acreage blocks in the Bohai Bay area of the People's Republic of China. In December 1998, Apache China assigned its interests in the farmin agreements to Apache Bohai, its affiliate. By June 1999, however, Apache Bohai lost inter-

---

[1] A farmin agreement is a contract whereby one company acquires an interest in an exploration or production license by paying some of the past or future costs of another company that is relinquishing part of its interest.

est in the project and sent documents re-assigning all of its interests under the agreement to Texaco. Texaco signed and returned the relevant documents in January 2000.

These events gave rise to a dispute over the parties' respective obligations under the contract, and in January 2001, Texaco initiated an arbitration proceeding against Apache China. Apache Bohai was not named in the arbitration proceeding but took action anyway, filing suit in Texas state court requesting a declaratory judgment that the dispute was not arbitrable and that it had no liability to Texaco. Texaco removed the state court proceeding to federal district court and moved to dismiss or stay the litigation and to compel arbitration. The district court granted both motions, issuing an order to compel arbitration and choosing to stay rather than dismiss the litigation.

## II.

Section 16 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16, governs appellate review of arbitration orders. Congress's intent in enacting § 16 was to favor arbitration,[2] and it did so by authorizing immediate appeals from orders disfavoring arbitration and forbidding immediate appeals from orders favoring arbitration. *Adams v. Ga. Gulf Corp.*, 237 F.3d 538, 540 (5th Cir. 2001) (citing *Forsythe Int'l, S.A. v. Gibbs Oil Co.*, 915 F.2d 1017, 1020 (5th Cir. 1990)). The provisions relevant to this dispute vest the courts of appeals with jurisdiction over "final decision[s] with respect to an arbitration . . .," § 16(a)(3), while specifically denying appellate jurisdiction over nonfinal orders staying proceedings pending

arbitration, § 16(b)(1). Therefore, our jurisdiction turns on whether the district court's order constitutes a final decision.

A final decision is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 86 (2000) (citations and internal quotation marks omitted). Under this definition, a dismissal is a final decision. *Id.* at 89. The district court, however, did not dismiss the claims, but entered a stay pending arbitration. An arbitration order entering a stay, as opposed to a dismissal, is not an appealable final order.[3]

Apache Bohai contends that when a district court enters an order staying an action and referring all disputed matters to arbitration, leaving no live issues before the district court, this court should consider the order to be, in effect, a *de facto* dismissal and thus a final decision appealable under § 16(a)(3). Unlike a dismissal, however, a stay, by definition, constitutes a postponement of proceedings, not a termination, and thus lacks finality. Further, as other courts have noted, entry of a stay rather than a dismissal "suggests that the district court perceives that it might have more to do than execute the judgment once arbitration has been completed." *ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091, 1099 (6th

---

[2] *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

[3] *See Cargill Ferrous Int'l v. Sea Phoenix MV*, No. 01-31193, 2003 WL 1524466, at *5 (5th Cir. Apr. 9, 2003); *see also Green Tree*, 531 U.S. at 87 n.2 ("Had the district court entered a stay instead of a dismissal in this case, that order would not be appealable."); *Saturn Distrib. Corp. v. Paramount Saturn, Ltd.*, No. 02-20431, 2003 WL 1561908, at *1 (5th Cir. Apr. 10, 2003) (finding district court order to be a final decision, in part because it was not accompanied by a stay of proceedings).

Cir. 2002). Consequently, although it may be true that in some instances the entry of a stay disposes of most or all issues, that fact alone does not render it the functional equivalent of a dismissal.[4]

Apache Bohai cites two cases in which we found appellate jurisdiction despite the plain absence of a dismissal; neither contradicts our conclusion that a stay is not a final decision. In *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702 (5th Cir. 2002), we held that an order compelling arbitration and "closing" the case was a reviewable final decision.[5] The district court in that case had issued an order staying state court proceedings, compelling arbitration, and closing the case, leaving nothing to do but execute the judgment. *Id*. In that context, we held that "closing" the case was functionally indistinguishable from dismissal.[6] In this case, by contrast, the court did not purport to close the case administratively, nor did it attempt in any other way to terminate its involvement in the proceedings.

Apache Bohai also cites *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476 (5th Cir. 2002), as an example of this court's willingness to find the existence of an appealable final decision despite the lack of an explicit dismissal. In *Gulf Guaranty*, *id.* at 480-81, the district court reopened a suit for the express purpose of consolidating it with a later action. The order forming the basis for the appeal in *Gulf Guaranty* explicitly dismissed the later action but failed to mention the claims from the earlier suit. *Id*. We concluded, in light of the various indications that the court intended to dismiss both suits, that the order was a final decision.

Far from expanding the definition of final decision for purposes of § 16(a)(3), we merely recognized that "the intention, as well as the effect [of the order], was to dismiss [the action]." *Id*. at 483.[7] Here, there is no indication that the district court intended to dismiss the case but failed to do so through an oversight. Rather, it entered an order expressly granting a stay of the proceedings pending arbitration.

III.

In the alternative, Apache Bohai seeks a writ of mandamus directing the district court to vacate its order and enter an appealable final judgment. Mandamus is a drastic remedy reserved only for truly extraordinary situations. *Will v. United States*, 389 U.S. 90, 106 (1967). The district court must have committed a "clear abuse of discretion" or

---

[4] *See ATAC Corp.*, 280 F.3d at 1099. In *Green Tree*, 531 U.S. at 87 n.2, the Court noted that had the district court entered a stay rather than a dismissal, the order would have been unappealable. Thus, even where dismissal is appropriate, i.e., all claims have been referred to arbitration, the entry of a stay rather than a dismissal bars appellate jurisdiction.

[5] *Am. Heritage*, 294 F.3d at 708; *but see ATAC Corp.*, 280 F.3d at 1099 (holding that order to compel arbitration and close proceedings is not an appealable final decision).

[6] *Am. Heritage*, 294 F.3d at 708 ("[T]here is no practical distinction between 'dismiss' and 'close' for purposes of this appeal.").

[7] Indeed, our consideration in *Gulf Guaranty* of the intent underlying the district court's order directly undercuts Apache Bohai's position. If the primary consideration were the practical effect of the order, as Bohai contends, there would have been no need to evaluate the district court's intent.

engaged in "conduct amounting to the usurpation of power." *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 309 (1989) (citations and internal quotation marks omitted). This burden is particularly heavy in the context of mandamus review of a decision to enter a stay pending arbitration, "because Congress has expressly limited interlocutory review of a district court decision on arbitration." *McDermott Int'l, Inc. v. Underwriters at Lloyds*, 981 F.2d 744, 748 (5th Cir. 1993). "Moreover, it is more than well settled that a writ of mandamus is not to be used as a substitute for appeal[.]" *Id.*

To establish its entitlement to mandamus relief, Apache Bohai is required to show clearly and indisputably that the district court did not have the discretion to stay the proceedings pending arbitration.[8] It has not made this showing. Apache Bohai is unable to cite a single case in which we held that a district court abused its discretion by staying rather than dismissing proceedings pending arbitration.[9]

Indeed, we have held that a decision, under similar circumstances, to issue a stay rather than a dismissal was not an abuse of discretion warranting mandamus.[10]

The appeal in No. 02-20489 is DISMISSED, and the petition for writ of mandamus in No. 02-21158 is DENIED.

---

[8] *See McDermott*, 981 F.2d at 748 (citing *Gulfstream Aerospace v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988)).

[9] Apache Bohai relies primarily on *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161 (5th Cir. 1992), to support its contention that the district court's order constitutes an abuse of discretion. In *Alford*, we concluded that "the weight of authority clearly supports dismissal of a case when all of the issues raised in the district court must be submitted to arbitration." *Id.* at 1164 (emphasis omitted). In other words, *Alford* held merely that dismissal was not an abuse of discretion. *Id.* The court did not hold that dismissal was required under the circumstances, much less that failure to dismiss would have been an abuse of discretion. *See id.*; *see also Fedmet Corp. v. M/V Buyalyk*,
(continued...)

[9](...continued)
194 F.3d 674, 676 (5th Cir. 1999) (holding that "district courts have discretion to dismiss cases in favor of arbitration," but not implying any obligation to do so).

[10] *See McDermott*, 981 F.2d at 748 ("[Petitioner] has failed to satisfy this most demanding standard [mandamus standard]. The district court did not clearly overstep its authority when it granted the order compelling arbitration and stayed further proceedings pending that arbitration.").

5