NO. 07-03-0499-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 30, 2003



______________________________




IN RE DENNIS WILLIAMS AND PATTY WILLIAMS, RELATORS



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Relators Dennis and Patty Williams seek mandamus relief from an order of the
district court abating and requiring arbitration of the underlying action, Cause No. 53,219-B, 181st District Court of Randall County. The underlying action was initiated by real party
in interest Steamatic of Amarillo, Inc., as a suit on sworn account against the Williams.
After the Williams answered and asserted counterclaims under the Deceptive Trade
Practices Act and for breach of contract, Steamatic asserted that the parties' disputes were
subject to arbitration under the terms of a written agreement signed by the Williams, and
asked the trial court to compel arbitration. The trial court did so following a hearing,
entering the order that is the subject of the Williams' petition in this court. We will deny the
petition. (1)


 The trial court made no determination whether the federal (2) or Texas (3) arbitration
statute governs the written agreement between the parties. Relators' mandamus petition
and Steamatic's response both suggest the federal act applies. Neither the Texas nor
federal arbitration statute permits interlocutory appeal from a trial court decision
compelling arbitration; the Williams may seek relief, then, if at all, (4) only through
mandamus. 

 One seeking issuance of a writ of mandamus must provide a sufficient record to
establish the right to such relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992).
Mandamus issues only to correct a clear abuse of discretion or the violation of a duty
imposed by law when there is no other adequate remedy by law. Johnson v. Fourth Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). The Fifth Circuit has held that the burden
on a party seeking mandamus relief from an order compelling arbitration is particularly
heavy. Apache Bohai Corp., LDC v. Texaco China, B.V., 330 F.3d 307, 310 (5th Cir. 2003).


 The parties do not dispute that a valid arbitration agreement exists between
Steamatic and the Williams, nor that the claims asserted by each fall within the scope of
the agreement. The Williams contend, though, that Steamatic waived its right to require
arbitration by initiating the underlying action through its suit on sworn account. 

 A party to an arbitration agreement may waive its right to insist on arbitration as the
means to resolve a dispute if it intentionally chooses to pursue its remedies through the
judicial process. See, e.g., In re Bruce Terminix Co., 988 S.W.2d 702, 704 (Tex. 1998).
The public policy favoring arbitration brings about a strong presumption against such a
waiver, however, and the case law requires a showing that the party against whom waiver
is asserted has substantially invoked the judicial process, and that the opposing party has
suffered prejudice as a result. Id.; EZ Pawn Corp. v. Mancias, 934 S.W.2d 87, 89 (Tex.
1996); see Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 326 (5th Cir. 1999). Any
doubt that waiver has occurred must be resolved in favor of arbitration. Bruce Terminix,
988 S.W.2d at 705.

 Steamatic does not deny that it invoked the judicial process by initiating the
litigation, but contends that the Williams have demonstrated no prejudice. The Williams
concede that the requirement of showing prejudice normally applies, but say that the
requirement does not apply when the party seeking arbitration is the plaintiff. Filing suit on
an arbitrable claim, contend the Williams, waives the right to arbitration as a matter of law.
For several reasons, we cannot agree with this broad contention. It finds no support in the
language of the arbitration statute. Section 3 of the federal statute provides for the stay of
litigation pending arbitration on the application of "one of the parties." (5) Secondly, relators'
contention runs counter to the policy favoring arbitration that is reflected in the federal
statute. See, e.g., Bruce Terminix, 988 S.W.2d at 704. Thirdly, we find no case drawing
the distinction relators urge, and we see no reason in logic why a party's initial invocation
of the judicial process as plaintiff should relieve its opponent of the burden the law
otherwise imposes to demonstrate prejudice. (6) This is particularly so, where, as here, the
defendant asserts counterclaims that significantly change the nature of the litigation from
the suit on sworn account initially filed by the plaintiff. (7) 


 Relators rely on Bruce Terminix, 988 S.W.2d 702. That opinion cannot be said to
support the proposition that a plaintiff is barred as a matter of law from seeking an order
compelling arbitration following the filing of counterclaims by the defendant and without a
demonstration of prejudice.


 Relators' petition in this court does not argue that they have been prejudiced as a
result of Steamatic's initially filing suit. The record before us does not demonstrate
prejudice of the type the case law requires to support a finding of waiver of the right to
arbitrate. See Subway, 169 F.3d at 327; Miller Brewing, 781 F.2d at 497-98; Home Club,
Inc. v. Barlow, 818 S.W.2d 192, 193 (Tex.App.-San Antonio 1991, no writ). The litigation
was in its early stages when the trial court abated it and ordered arbitration. (8) Doing so
was not an abuse of the trial court's discretion. Relators' petition for a writ of mandamus
is denied. 


 James T. Campbell

 Justice





1. Relators' petition requested oral argument. We decide the case without oral
argument, finding that argument would not significantly aid the court in determining the
issues presented. Tex. R. App. P. 39.8.
2. 9 U.S.C.A. §§ 1-16 (1999 & Supp. 2003).
3. Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001-171.098 (Vernon Supp. 2004).
4. The parties do not raise the question whether the availability of court action
following arbitration (and thus an adequate remedy by law) renders an order compelling
arbitration, as opposed to one refusing to compel arbitration, not reviewable by mandamus.
As noted, both the Texas and federal arbitration statutes provide for review by interlocutory
appeal of trial court decisions denying arbitration, but not of decisions ordering arbitration.
Tex. Civ. Prac. & Rem. Code § 171.098; 9 U.S.C.A. § 16; see, e.g., Lipshy Motorcars, Inc.
v. Sovereign Assocs., Inc., 944 S.W.2d 68, 69 (Tex.App.-Dallas 1997, no writ). Although
it appears that the Fifth Circuit will, in a proper case, permit mandamus to correct
erroneous decisions ordering arbitration under the federal statute, see Apache Bohai
Corp., LDC v. Texaco China, B.V., 330 F.3d 307, 310-11 (5th Cir. 2003), at least one Texas
court of appeals has pointed to the availability of appeal following arbitration in denying
mandamus relief. McMullen v. Yates, 697 S.W.2d 500, 502-03 (Tex.App.-San Antonio
1985, no writ); but see Freis v. Canales, 877 S.W.2d 283 (Tex. 1994). 
5. 9 U.S.C.A. § 3.
6. The third case relators cite, Miller Brewing Co. v. Fort Worth Distributing Co., 781
F.2d 494 (5th Cir. 1986), does not support relators' contention. There, the court did find that
Fort Worth Distributing had waived its right to arbitrate through litigation it had filed as
plaintiff, but the court made specific findings concerning prejudice to Miller Brewing caused
by its opponent's invocation of the judicial process. 
7. In this regard, note the holding of the Fifth Circuit in Subway, a case on which
relators rely, that "a party only invokes the judicial process to the extent it litigates a
specific claim it subsequently seeks to arbitrate." 169 F.3d at 328. It seems difficult to
argue that Steamatic's motion to compel arbitration following the filing of the Williams'
counterclaims amounts to an effort to arbitrate the "specific claim" on which it initiated its
suit on sworn account. 
8. The appendix to relators' mandamus petition indicates the following: Steamatic filed
its suit on sworn account on July 15, 2003; it obtained an order for substitute service on
the Williams on August 7, 2003; the Williams answered and counterclaimed on or about
August 26, 2003; Steamatic initiated no discovery; the Williams sent discovery requests
to Steamatic with responses due initially on September 25, 2003; Steamatic first initiated
efforts in the trial court to compel arbitration some time before October 1, 2003; the trial
court's order to arbitrate is dated November 7, 2003. 


lse" Priority="72" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful List Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00118-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



APRIL
13, 2011

 



 

IN RE ROLAND BOSWELL, RELATOR



 



 

 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Relator, Roland Boswell, has filed a Writ of Mandamus requesting
this Court to order the 320th District Court of Potter County,
Texas, to dismiss with prejudice a pending criminal indictment in cause number 54,144-D due to the States alleged failure to
timely prosecute.  We deny the petition.

Texas
Rule of Appellate Procedure 52.3[1]
identifies the requirements for a petition for writ of mandamus[2]
filed in this Court.  Boswell has failed
to comply with these requirements.  Rule
52.3(a) requires that a petition must include a complete list of all parties
and the names and addresses of all counsel. 
Boswell does not identify any of the parties against whom he seeks
mandamus relief.  In fact, the only
identification of the respondent comes from an identification of the trial
court and the cause number on motions appended to the petition for writ of
mandamus.  Rule 52.3(b) requires that the
petition include a table of contents with references to the pages of the
petition and an indication of the subject matter of each issue or point raised in the petition. 
Boswells petition includes no table of contents.  Rule 52.3(c) requires that a petition include
an index of authorities in which all authorities cited in the petition are
arranged alphabetically and the page(s) upon which the authorities are cited is
indicated.  Boswell=s petition includes no index of
authorities.[3]  Rule 52.3(d) requires a statement of the case
that includes a concise description of the nature of the underlying
proceeding.  Boswell=s petition does not contain a
statement of the case, and does not include a concise description of the nature
of the underlying proceeding.  Rule
52.3(e) requires the petition include a statement regarding the basis of this
Courts jurisdiction.  Boswells petition
does not include a statement regarding the basis of this Courts
jurisdiction.  Rule 52.3(f) requires the
petition include a concise statement of all issues or points presented for
relief.  Boswells petition includes no
such statement.  Rule 52.3(g) requires
the petition include a statement of facts supported by citation to competent
evidence included in the appendix or record. 
Boswells petition essentially includes little more than a statement of
facts.  Rule 52.3(h) requires a clear and
concise argument for the contentions made, with appropriate citations to
authorities.  Boswells petition includes
no citations to legal authority of any kind, and certainly does not identify
legal authority authorizing the extraordinary relief sought by Boswell.  Rule 52.3(j) requires the person filing the petition
to certify that he has reviewed the petition and concluded that every factual
statement in the petition is supported by competent evidence included in the
appendix or record.  Boswell did not
certify his petition.  As each of these
items are required in a petition for writ of mandamus
and Boswell has failed to comply with these requirements, we may not grant the
relief that he requests.  Additionally,
Texas Rule of Appellate Procedure 9.5 requires that, at or before the time that
a document is filed with this Court, a copy of the document
must be served on all parties to the proceeding.  Boswells petition does not include a
certification that a copy of the petition was served on the respondent or any
other party to this original proceeding.[4]

As Boswell=s petition for writ of mandamus does
not comply with the requisites for mandamus relief, we must deny the petition.

 

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 











[1] Further citation of Texas Rules of
Appellate Procedure will be by reference to ARule __.@





[2] While Boswells filing is denominated to be a writ of
mandamus, we construe it to be a petition requesting this Court to issue a writ
of mandamus.

 





[3] However, we note that Boswells petition cites no
authority, so there is no authority to include in an index of authorities.

 





[4] As Boswell failed to include a complete list of all
parties and the names and addresses of all counsel in his petition, we are
uncertain who the proper parties to this original proceeding might be.