NO. 07-03-0499-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 30, 2003

_____

IN RE DENNIS WILLIAMS AND PATTY WILLIAMS, RELATORS

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Relators Dennis and Patty Williams seek mandamus relief from an order of the district court abating and requiring arbitration of the underlying action, Cause No. 53,219-B, 181st District Court of Randall County. The underlying action was initiated by real party in interest Steamatic of Amarillo, Inc., as a suit on sworn account against the Williams. After the Williams answered and asserted counterclaims under the Deceptive Trade Practices Act and for breach of contract, Steamatic asserted that the parties' disputes were subject to arbitration under the terms of a written agreement signed by the Williams, and asked the trial court to compel arbitration. The trial court did so following a hearing,

entering the order that is the subject of the Williams' petition in this court. We will deny the petition.[1]

The trial court made no determination whether the federal[2] or Texas[3] arbitration statute governs the written agreement between the parties. Relators' mandamus petition and Steamatic's response both suggest the federal act applies. Neither the Texas nor federal arbitration statute permits interlocutory appeal from a trial court decision compelling arbitration; the Williams may seek relief, then, if at all,[4] only through mandamus.

---

[1]Relators' petition requested oral argument. We decide the case without oral argument, finding that argument would not significantly aid the court in determining the issues presented. Tex. R. App. P. 39.8.

[2]9 U.S.C.A. §§ 1–16 (1999 & Supp. 2003).

[3]Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001-171.098 (Vernon Supp. 2004).

[4]The parties do not raise the question whether the availability of court action following arbitration (and thus an adequate remedy by law) renders an order compelling arbitration, as opposed to one refusing to compel arbitration, not reviewable by mandamus. As noted, both the Texas and federal arbitration statutes provide for review by interlocutory appeal of trial court decisions denying arbitration, but not of decisions ordering arbitration. Tex. Civ. Prac. & Rem. Code § 171.098; 9 U.S.C.A. § 16; *see, e.g., Lipshy Motorcars, Inc. v. Sovereign Assocs., Inc.*, 944 S.W.2d 68, 69 (Tex.App.–Dallas 1997, no writ). Although it appears that the Fifth Circuit will, in a proper case, permit mandamus to correct erroneous decisions ordering arbitration under the federal statute, *see Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 310-11 (5th Cir. 2003), at least one Texas court of appeals has pointed to the availability of appeal following arbitration in denying mandamus relief. *McMullen v. Yates*, 697 S.W.2d 500, 502-03 (Tex.App.–San Antonio 1985, no writ); *but see Freis v. Canales*, 877 S.W.2d 283 (Tex. 1994).

One seeking issuance of a writ of mandamus must provide a sufficient record to establish the right to such relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). The Fifth Circuit has held that the burden on a party seeking mandamus relief from an order compelling arbitration is particularly heavy. *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 310 (5th Cir. 2003).

The parties do not dispute that a valid arbitration agreement exists between Steamatic and the Williams, nor that the claims asserted by each fall within the scope of the agreement. The Williams contend, though, that Steamatic waived its right to require arbitration by initiating the underlying action through its suit on sworn account.

A party to an arbitration agreement may waive its right to insist on arbitration as the means to resolve a dispute if it intentionally chooses to pursue its remedies through the judicial process. *See, e.g., In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998). The public policy favoring arbitration brings about a strong presumption against such a waiver, however, and the case law requires a showing that the party against whom waiver is asserted has substantially invoked the judicial process, and that the opposing party has suffered prejudice as a result. *Id.*; *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex. 1996); *see Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999). Any

3

doubt that waiver has occurred must be resolved in favor of arbitration. *Bruce Terminix*, 988 S.W.2d at 705.

Steamatic does not deny that it invoked the judicial process by initiating the litigation, but contends that the Williams have demonstrated no prejudice. The Williams concede that the requirement of showing prejudice normally applies, but say that the requirement does not apply when the party seeking arbitration is the plaintiff. Filing suit on an arbitrable claim, contend the Williams, waives the right to arbitration as a matter of law. For several reasons, we cannot agree with this broad contention. It finds no support in the language of the arbitration statute. Section 3 of the federal statute provides for the stay of litigation pending arbitration on the application of "one of the parties."[5] Secondly, relators' contention runs counter to the policy favoring arbitration that is reflected in the federal statute. *See, e.g., Bruce Terminix*, 988 S.W.2d at 704. Thirdly, we find no case drawing the distinction relators urge, and we see no reason in logic why a party's initial invocation of the judicial process as plaintiff should relieve its opponent of the burden the law otherwise imposes to demonstrate prejudice.[6] This is particularly so, where, as here, the

---

[5]9 U.S.C.A. § 3.

[6]The third case relators cite, *Miller Brewing Co. v. Fort Worth Distributing Co.*, 781 F.2d 494 (5th Cir. 1986), does not support relators' contention. There, the court did find that Fort Worth Distributing had waived its right to arbitrate through litigation it had filed as plaintiff, but the court made specific findings concerning prejudice to Miller Brewing caused by its opponent's invocation of the judicial process.

4

defendant asserts counterclaims that significantly change the nature of the litigation from the suit on sworn account initially filed by the plaintiff.[7]

Relators rely on *Bruce Terminix*, 988 S.W.2d 702. That opinion cannot be said to support the proposition that a plaintiff is barred as a matter of law from seeking an order compelling arbitration following the filing of counterclaims by the defendant and without a demonstration of prejudice.

Relators' petition in this court does not argue that they have been prejudiced as a result of Steamatic's initially filing suit. The record before us does not demonstrate prejudice of the type the case law requires to support a finding of waiver of the right to arbitrate. *See Subway*, 169 F.3d at 327; *Miller Brewing*, 781 F.2d at 497–98; *Home Club, Inc. v. Barlow*, 818 S.W.2d 192, 193 (Tex.App.–San Antonio 1991, no writ). The litigation was in its early stages when the trial court abated it and ordered arbitration.[8] Doing so

---

[7]In this regard, note the holding of the Fifth Circuit in *Subway*, a case on which relators rely, that "a party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate." 169 F.3d at 328. It seems difficult to argue that Steamatic's motion to compel arbitration following the filing of the Williams' counterclaims amounts to an effort to arbitrate the "specific claim" on which it initiated its suit on sworn account.

[8]The appendix to relators' mandamus petition indicates the following: Steamatic filed its suit on sworn account on July 15, 2003; it obtained an order for substitute service on the Williams on August 7, 2003; the Williams answered and counterclaimed on or about August 26, 2003; Steamatic initiated no discovery; the Williams sent discovery requests to Steamatic with responses due initially on September 25, 2003; Steamatic first initiated efforts in the trial court to compel arbitration some time before October 1, 2003; the trial court's order to arbitrate is dated November 7, 2003.

5

was not an abuse of the trial court's discretion. Relators' petition for a writ of mandamus is denied.


James T. Campbell
Justice