IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0038
════════════
 
In re Olga Palacios, 
Relator
 
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
            
Olga Palacios filed suit against several individuals and companies when her 
attempt to buy a duplex in Austin fell through. One of those defendants, 
Mortgages Direct, moved to compel arbitration based on an agreement providing 
that all disputes relating to its agreement with Palacios “shall be submitted 
for binding arbitration.” The trial court granted the motion, and the Third 
Court of Appeals denied mandamus relief. We too deny relief, but write to 
recognize a change in accordance with developments in federal law.
At the 
hearing on the motion to compel arbitration, Mortgages Direct offered the 
arbitration contract purportedly signed by Palacios. The latter’s attorney 
objected to the document’s authenticity, but withdrew the objection when the 
trial court offered to postpone the hearing until it could be proved up. 
Palacios then took the stand and testified through an interpreter that the 
signature on the agreement was not hers. Apparently unconvinced, the trial court 
granted the motion and abated the underlying case until arbitration was 
concluded.
The 
arbitration agreement does not indicate whether it is governed by the Federal or 
Texas Arbitration Act, and neither do the parties. But as Palacios pleaded that 
she gave her realtor a power of attorney to purchase the duplex while she was in 
Mexico, the transaction appears to 
involve foreign commerce, and thus implicates the FAA. See 9 U.S.C. §§ 1, 
2 (declaring contracts “evidencing a transaction involving commerce” 
enforceable, and defining “commerce” as “commerce among the several States or 
with foreign nations”) (emphasis added).
We have held 
recently and repeatedly that an order denying arbitration under the FAA is 
reviewable by mandamus. See, e.g., In re Weekley Homes, L.P., 180 S.W.3d 127, 130 (Tex. 2005); In re Nexion 
Health at Humble, Inc., 173 S.W.3d 67, 69-70 (Tex. 2005). But we 
have not addressed recently or repeatedly whether an order granting 
arbitration under the FAA can be reviewed by mandamus. In 1994, we held that 
it could. See Freis v. 
Canales, 877 S.W.2d 283, 284 (Tex. 1994) (per curiam). But since 
then, the United States Supreme Court has held that the FAA allows review of 
such orders only if the underlying case is dismissed; if it is merely stayed (as 
was the case here), there can be no review until final judgment. See Green 
Tree Fin. Corp. v. Randolph, 531 U.S. 79, 87 n.2 
(2000). 
Of course, 
Texas courts applying the FAA follow Texas rather than federal 
procedure. See Jack B. Anglin Co., Inc. v. 
Tipps, 842 S.W.2d 266, 272 (Tex. 1992). Nevertheless, 
“it is important for federal and state law to be as consistent as possible in 
this area, because federal and state courts have concurrent jurisdiction to 
enforce the FAA.” In re Kellogg Brown & Root, Inc., 
166 S.W.3d 732, 739 (Tex. 2005). There is little friction 
between the FAA and Texas procedures when state courts review by 
mandamus an order that the federal courts would review by interlocutory appeal. 
See Anglin, 842 S.W.2d at 272-73. But it is 
quite another matter for state courts to review by mandamus an order that the 
federal courts could not review at all. Such review would create tension with 
the legislative intent of the FAA, which “generally permits immediate appeal of 
orders hostile to arbitration,” but “bars appeal of interlocutory orders 
favorable to arbitration.” Green Tree, 531 U.S. at 86. 
We need not 
decide today whether mandamus review of an order staying a case for arbitration 
is entirely precluded. Even after Green Tree, the Fifth Circuit has held 
that federal mandamus review of an order staying a case for arbitration may 
still be available if a party can meet a “particularly heavy” mandamus burden to 
show “clearly and indisputably that the district court did not have the 
discretion to stay the proceedings pending arbitration.” Apache Bohai Corp., LDC v. Texaco 
China, B.V., 330 F.3d 307, 310-11 
(5th Cir. 2003).
Palacios has 
not met such a burden here. While she denied signing the arbitration agreement, 
she admitted signing several papers she could not read because they were in 
English. She submitted no other exemplars of her signature for the court to 
review. Thus, her testimony presented a credibility issue, which she has not 
shown the trial judge indisputably got wrong.
We recognize 
there is some one-sidedness in reviewing only orders that deny arbitration, but 
not orders that compel it. Yet both the Federal and Texas acts leave little 
uncertainty that this is precisely what the respective legislatures intended. 
See 9 U.S.C. § 16; Tex. Civ. Prac. & Rem. 
Code § 171.098.
Accordingly, 
we deny the petition for mandamus.
 
 
OPINION DELIVERED: June 30, 
2006