In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-249 CV


____________________



IN RE AMY IVINS






Original Proceeding






 MEMORANDUM OPINION 


 In her petition for writ of mandamus, Amy Ivins seeks to compel the trial court to
set aside an order granting a "Motion to Stay Litigation Pending Arbitration" filed by
Level Check Foundation Repair Beaumont, L.P. We deny mandamus relief. 

 A foundation repair contract between Level Check and co-defendants Sean Harkins
and Michelle Harkins includes an arbitration agreement. After purchasing a home from
the Harkins, Ivins sued the Harkins for breach of contract, breach of warranty, and
deceptive trade practices. Ivins also sued Level Check for breach of implied warranty,
deceptive trade practices, and negligence in connection with foundation repair performed
by Level Check on the house Ivins purchased from the Harkins. 

 Ivins contends her claims against Level Check are not based upon the contract
containing the arbitration agreement. "[N]onparties may be bound to an arbitration clause
when the rules of law or equity would bind them to the contract generally." In re Weekley
Homes, L.P., 180 S.W.3d 127, 129 (Tex. 2005). Ivins's standing to complain about the
implied warranty in the work performed by Level Check depends upon her status as a
third-party beneficiary to the contract between the Harkins and Level Check. 

 Ivins contends the arbitration agreement is limited to breach of contract claims. The
contract states that "in the event of any allegation that Level Check has breached this
contract ... any such allegations shall be exclusively resolved by binding arbitration ... and
that no law suit shall be filed against Level Check in any court of Law." By alleging that
Level Check failed to properly repair the foundation, Ivins described a breach of the
contract within the scope of the arbitration agreement. 

 A party seeking mandamus relief from an order staying a case for arbitration must
meet a "'particularly heavy'" burden to show "'clearly and indisputably that the district
court did not have the discretion to stay the proceedings pending arbitration.'" In re
Palacios, No. 05-0038, 2006 WL 1791683, at *2 (Tex. June 30, 2006) (quoting Apache
Bohai Corp., LDC v. Texaco China, B.V., 330 F.3d 307, 310-11 (5th Cir. 2003)). This
case does not present a clear and indisputable abuse of discretion. Accordingly, we deny
mandamus relief.

 WRIT DENIED.

 PER CURIAM


Submitted on July 14, 2006

Opinion Delivered July 27, 2006 

Before McKeithen, C.J., Gaultney and Kreger, JJ.