Appeal Dismissed, Petition for Writ of Mandamus Denied, and Memorandum
Opinion filed June 25, 2009








 

Appeal
Dismissed, Petition for Writ of Mandamus Denied, and Memorandum Opinion filed
June 25, 2009.

 

In The

 

Fourteenth Court of
Appeals

 

NO. 14-09-00106-CV

 

JON KAHN, Appellant

V.

BAKER NISSAN NORTH, INC., d/b/a
BAKER-JACKSON NISSAN NORTH, Appellee

 



On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 2008-57160



 

and

 

NO. 14-09-00234-CV

 

IN RE JON KAHN, Relator

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS



 

M E M O R
A N D U M   O P I N I O N








Appellant/Relator
Jon Kahn has filed a notice of interlocutory appeal and a related petition for
writ of mandamus challenging an order signed December 31, 2008, compelling
arbitration and staying the litigation.  The cases were consolidated by this
court=s order filed March 19, 2009.  See
In re Valero Energy Corp., 968 S.W.2d 916, 917 (Tex. 1998) (recommending
consolidation of parallel mandamus and interlocutory appeal in arbitration
cases so court may render decision disposing of both simultaneously). 
Appellee/Real Party Baker Nissan North, Inc. has moved to dismiss both cases
for want of jurisdiction, asserting that these cases concern an order
compelling arbitration under the Federal Arbitration Act (AFAA@), and appellant=s only remedy is an appeal after
final judgment.  The trial court compelled arbitration and stayed this case
pending arbitration.  Therefore, there is no final judgment or basis for
interlocutory appeal and the appeal should be dismissed.  See In re Gulf Exploration,
LLC, 52 Tex. S. Ct. J. 612, 2009 WL 1028049, at * 2-3 (Tex. Apr. 17, 2009).


Kahn
sued Baker Nissan alleging fraud, misrepresentation, and Deceptive Trade
Practices Act (ADTPA@) violations concerning a vehicle he purchased.  Kahn
concedes this case is governed by the FAA. . He argues that this Court has
jurisdiction over the petition for writ of mandamus, however.  He asserts the
arbitration clause is unenforceable and does not cover his claims.








Mandamus
relief is generally unavailable for orders compelling arbitration.  See In
re Palacios, 221 S.W.3d 564, 565 (Tex. 2006).[1] 
To be entitled to mandamus, a petitioner must show that the trial court clearly
abused its discretion and that the relator has no adequate remedy by appeal.  In
re McAllen Med. Ctr., Inc., 275 S.W.3d 458, 462 (Tex. 2008); Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992).  The determination of when an
appeal will be Aadequate@ depends on a careful balance of the case‑specific
benefits and detriments of delaying or interrupting a particular proceeding.  In
re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex. 2004).  Because
both the federal and state arbitration acts specifically exclude immediate
review of orders compelling arbitration, the Texas Supreme Court held that any
balancing must tilt strongly against mandamus review.  In re Gulf
Exploration, 2009 WL 1028049, at * 3. 

If, on
final appeal, an arbitration agreement is found to have been unenforceable, the
parties have expended time and money unnecessarily.  Standing alone, delay and
expense do not render a final appeal inadequate.  Gulf States, at * 3. 
Because Kahn has alleged contract and DTPA violations, if he is successful on
final appeal, he may recover his fees and expenses, including those for
arbitration.  See id.  

In rare
cases, mandamus may be essential to preserve important substantive and
procedural rights from impairment or loss and allow appellate courts to give
guidance to the law that might otherwise prove elusive.  See In re
Poly-America, 262 S.W.3d 337, 352 (Tex. 2008) (reviewing order compelling
arbitration and granting mandamus relief from a waiver of statutory remedies
that threatened to undermine the legislative workers compensation system); but
see Gulf States, at * 4 (recognizing loss of right to jury trial by order
compelling arbitration does not warrant mandamus relief because a jury is
waived in arbitration agreement).  

In this
case, as in Gulf States, there are no counterbalancing legislative
mandates.  See id. at * 4.  In Gulf States, the Texas Supreme
Court held that because there was no showing that a final appeal after
arbitration was inadequate to address claims that the dispute was outside the
scope of the arbitration agreement, the court of appeals erred in reviewing the
order.  Id.  Kahn has likewise made no such showing here.








Kahn has
not established that a final appeal is inadequate and he is entitled to
mandamus relief.  Accordingly, the interlocutory appeal is dismissed and the
petition for writ of mandamus is denied.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Yates and Frost. 









[1]   In Green Tree Financial Corp. v. Randolph,
the United States Supreme Court observed that the FAA Agenerally permits immediate appeal of orders hostile
to arbitration . . . but bars appeal of interlocutory orders favorable to
arbitration.@ 531 U.S. 79, 86, 121 S.Ct. 513 (2000).  There can be
no immediate appeal of an order compelling arbitration if it stays the
underlying case, but there can be an appeal if the underlying case is
dismissed.  Id. at 86-87.  The Fifth Circuit has suggested that mandamus
review might be available if an applicant could show Aclearly and indisputably that the district court did
not have the discretion to stay the proceedings pending arbitration.@  Apache Bohai Corp., LDC v. Texaco China, B.V.,
330 F.3d 307, 310‑11 (5th Cir.2003).  The Texas Supreme Court has
clarified that this Aexception@
applies not to the question whether an order compelling arbitration was
correct, but to the question whether the case should have been dismissed rather
than stayed.  In re Gulf Exploration, LLC, 52 Tex. S. Ct. J. 612, 2009 WL
1028049, at * 2 (Tex. April 17, 2009).