68 F.3d 478
 11 IER Cases 96
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
LUIGINO'S, INC., Plaintiff-Appellant,
v.
James F. KOSTAL, Defendant-Appellee.
 No. 94-4034.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Oct. 17, 1995.
Filed: Oct. 23, 1995.
 
 Before FAGG, LAY, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 James F. Kostal was terminated from his position as executive vice president of sales and marketing of Luigino's, Inc. Luigino's brought an action against Kostal in state court alleging fraudulent activities by Kostal during his employment. Kostal removed the action to federal court and sought to compel arbitration regarding his termination. The parties agreed that the matter should be arbitrated, but Luigino's moved that the panel should consist of three senior executives in the food industry in accord with an arbitration provision of the employment agreement which governed arbitration relating to "for cause" termination based on "[t]he failure by Executive to meet 'industry standards' in performing his duties and obligations under this agreement." Kostal, on the other hand, argues that the case was not about industry standards and therefore the matter should be arbitrated by a panel of the American Arbitration Association, under its rules for commercial arbitration, pursuant to another arbitration provision in the employment agreement.
 
 
 2
 The district court ordered that the dispute be arbitrated before the American Arbitration Association and granted a stay pending arbitration, finding that for the most part, the claims relate to performance, breach, or termination of the agreement or the meaning of its terms, but not Kostal's alleged failure to meet industry standards.
 
 
 3
 Luigino's filed an interlocutory appeal to compel arbitration before a panel of senior food industry executives. Kostal challenges this court's jurisdiction to entertain the interlocutory order. We find that we have jurisdiction to entertain the appeal on an interlocutory basis. See 9 U.S.C. Sec. 16(a)(1)(B).
 
 
 4
 In ordering arbitration before the American Arbitration Association panel, the district court held that the arbitration panel can determine whether there are issues relating to industry standards which should be resolved by the three senior executives in the food industry.
 
 
 5
 Upon overall review of the record, we find that the district court's order denying Luigino's motion for arbitration at this time before the three senior food industry executives, and compelling initial arbitration before the American Arbitration Association panel, is a proper interpretation of the contract. We thus affirm the district court. See 8th Cir. R. 47B.