United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2004**

Charles R. Fulbruge III
Clerk

REVISED June 17, 2004

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-30891
Summary Calendar

PRESCOTT-FOLLETT & ASSOCIATES, INC.;
LATIN AMERICAN ENERGY DEVELOPMENT INC,
doing business as DELASA,

Plaintiffs-Appellants,

versus

DELASA/PRESCOTT-FOLLETT & ASSOCIATES, a
Delaware Limited Liability Company; ALMA
FINANCE GROUP; KRIS N MAHABIR; ARETE LLC;
MARY A WRIGHT,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-3178-I

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellants Prescott-Follett & Associates and Latin American
Energy Development filed a declaratory judgment action in district
court alleging that Appellees improperly amended an agreement
governing the operation of certain projects in Nicaragua. Relying

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on the arbitration clause in the operating agreement, the district court stayed the proceedings and granted Appellees' motion to compel arbitration. Shortly thereafter, Appellants filed a motion for a new trial. Treating this motion as a Rule 59(e) motion to alter or amend the judgment, the district court denied Appellants' motion on August 6, 2003. Appellants lodged this appeal shortly thereafter. We conclude that we lack jurisdiction to hear this appeal, and accordingly DISMISS.

Section 16 of the Federal Arbitration Act governs appellate review of district court orders dealing with arbitration. Section 16(a)(3) allows a litigant to appeal "a final decision with respect to an arbitration that is subject to this title."[1] Section 16(b), however, specifies that "an appeal may not be taken from an interlocutory order compelling arbitration under section 206 of this title."[2]

In the present case, the district court's order was not a final decision such that jurisdiction would be proper under § 16(a)(3).[3] The district court did not dismiss the action, but rather stayed judicial proceedings, retained jurisdiction over the case and the parties, and ordered that they submit to arbitration. Because the court's order was an interlocutory decision, § 16(b)

---

[1] 9 U.S.C. § 16(a)(3).

[2] 9 U.S.C. § 16(b)(3).

[3] *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 309 (5th Cir. 2003).

precludes our review of that decision.[4]

In an effort to evade the FAA's limitations on appellate review, Appellants attempt to classify their appeal not as an appeal of the district court's order compelling arbitration, but rather as an appeal of the court's order denying their Rule 59 motion for a new trial. Appellants' argument is unavailing. As a preliminary matter, Rule 59(e) allows a party to move a district court to alter or amend a judgment after judgment is entered.[5] In this case, no judgment was entered: the court stayed proceedings pending arbitration and retained jurisdiction over the matter.

More significantly, Appellants' argument represents a thinly veiled effort to circumvent the restriction on interlocutory appeals contained in § 16(b). In their Rule 59 motion, Appellants requested "a new trial of the issues involved in the Motion to Compel Arbitration" because Appellants believed, in essence, that the district court had reached the wrong conclusion. Appellants' Rule 59 motion, thus, was simply a request that the court reconsider its order compelling arbitration. If an order compelling arbitration is unreviewable under § 16(b), we fail to see how a request for reconsideration of that order is reviewable. If a litigant could obtain appellate review of an order compelling arbitration simply by filing a Rule 59 motion, then § 16(b)(3) would be reduced to a dead letter.

---

[4]*Id.* ("An arbitration order entering a stay, as opposed to a dismissal, is not an appealable final order.").

[5]*See* FED. R. CIV. P. 59(b), (e).

Accordingly, we conclude that we lack jurisdiction to hear this appeal.  The appeal is DISMISSED for want of jurisdiction.