United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-20732

———————————

PHILIP W. GREEN,

Plaintiff-Appellant,

versus

SERVICE CORPORATION INTERNATIONAL,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Southern District of Texas
(06-CV-833)

———————————

Before GARWOOD, BARKSDALE and GARZA, Circuit Judges.

GARWOOD, Circuit Judge:[*]

Plaintiff-appellant Philip Green brought this suit in the court below against defendant-appellee Service Corporation International ("SCI"), seeking actual and punitive damages for its alleged action in terminating (or causing the termination of) his

—————————————

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

employment, contrary to the whistleblower employee protection provisions of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A. SCI answered, and, *inter alia*, denied that it violated the Sarbanes-Oxley Act, and alleged that, under a written agreement between it and Green, Green was bound to arbitrate his claims against it. SCI also moved, pursuant to sections 3 and 4 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 3 and 4, that the instant action be entirely stayed pending arbitration of Green's claims and that the court order Green to arbitrate same. Green responded by, *inter alia*, resisting arbitration, raising certain challenges respecting the arbitration agreement, and claiming that SCI had waived any right to insist on arbitration of the dispute. Green further requested that, should SCI's motion be granted, the case be dismissed rather than stayed.

By its June 30, 2006 four page order the district court found that the parties had agreed in writing to arbitrate a class of disputes including those raised in this suit and that SCI had not waived arbitration, and consequently it granted SCI's motion to stay and compel, *expressly denied* Green's request "that this case be dismissed rather than stayed," "ORDERED" that "the parties shall resolve their dispute through binding arbitration according to the agreement," and "ORDERED that the case is hereby STAYED and ADMINISTRATIVELY CLOSED pending a motion by either party for further judicial intervention."

2

Green timely moved for reconsideration and SCI moved to enforce the court's June 30, 2006 order compelling arbitration. On August 17, 2006, the district court, in a two page order, denied Green's motion to reconsider. On August 18, 2006, the district court granted SCI's motion to enforce, ordering that Green "either (1)" within 14 days begin the arbitration process pursuant to the arbitration agreement and expeditiously continue it in good faith to final resolution, "or (2) in the alternative, to face dismissal with prejudice of his claims against SCI."

The following day Green gave timely notice of appeal.

On appeal, Green asserts that the district court erred in staying the case pending arbitration, and in ordering the parties to arbitrate, because no agreement between the parties provided for arbitration and because SCI defaulted and waived any right to arbitration. SCI asserts, *inter alia*, that under section 16(b) of the FAA, 9 U.S.C. § 16(b), this court has no jurisdiction of this appeal.

The case in the district court has not been dismissed and it remains pending in that court; there is no other pending suit between the parties and no other action has been stayed or enjoined.

We dismiss the appeal for want of jurisdiction under section 16(b). This result is clearly mandated by *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 165-67 (5th Cir. 2004); *Apache Bohai*

3

*Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 309-10 (5th Cir. 2003). *See also, e.g., Terrebonne v. K-Sea Transportation Corp.*, 477 F.3d 271, 277 n.9 (5th Cir. 2007); *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250 (5th Cir. 2006).

The appeal is accordingly

DISMISSED FOR WANT OF JURISDICTION.

4