# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3312

_____

ON Equity Sales Company,     *
           *
       Appellant,       *
           *      Appeal from the United States
    v.                 *      District Court for the
           *      Northern District of Iowa.
Harold E. Pals, Individually and as    *
Trustee of the Harold E. Pals      *
Revocable Living Trust; Claire H.    *
Pals Revocable Living Trust,       *
Through Harold E. Pals Trustee,     *
           *
       Appellees.       *

_____

Submitted: March 10, 2008
Filed: June 9, 2008

_____

Before RILEY, GRUENDER and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

ON Equity Sales Company ("ONESCO"), a securities broker-dealer and a member of the National Association of Securities Dealers, Inc. ("NASD"), appeals the

district court's[1] order denying its motion for preliminary injunction to enjoin appellees from proceeding with their NASD arbitration and granting appellees' motion to compel arbitration. We dismiss the appeal for lack of jurisdiction.

## I. BACKGROUND[2]

In March 2003, Gary Lancaster formed the Landcorp Financial Fund Business Trust ("Landcorp") and served as its trustee. Landcorp was "an unregistered closed-end non-diversified management investment company" and sought to sell 50,000 shares to no more than 100 investors at $5000 per share. Landcorp's private placement memorandum provided that investors' initial payments would be held in escrow until the closing date and that Landcorp would amend or supplement the private placement offering if any material changes in the offering occurred before closing. By executing the subscription agreement, investors were bound not to "cancel, terminate or revoke" the agreement. However, until the closing date, the offering was "subject to withdrawal, cancellation, or modification by [Landcorp] without notice," and Landcorp could decide, in its sole discretion, to terminate the offering at any time.

On June 23, 2003, Harold E. Pals, as trustee of the Harold E. Pals Revocable Living Trust, executed a subscription agreement with Landcorp and made an initial payment of $25,000. Similarly, on August 14, 2003, as trustee of the Claire H. Pals

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

[2]On appeal, ONESCO argues that the district court erroneously construed the facts in favor of Pals and that material factual disputes may have developed had the district court permitted discovery or provided ONESCO an opportunity to respond to Pals's motion to compel arbitration. Because we conclude that we lack jurisdiction, we do not reach these arguments, and we summarize the factual background of the case consistent with the district court.

Revocable Living Trust, Pals executed another subscription agreement with Landcorp and made an initial payment of $50,000.

Lancaster became a registered representative of ONESCO on March 23, 2004. On April 5, 2004, Lancaster wrote a letter to notify all Landcorp investors of a material change in the private placement offering in that Lancorp had replaced the fund's insurance with a bank obligation that would supposedly guarantee the investment. The letter required all investors either (1) to acknowledge the change in the offering and reconfirm their subscription participation, or (2) to request withdrawal of their subscription. Pals acknowledged the change in the offering and reconfirmed his participation in Landcorp. After all subscriptions for the fund were obtained, Landcorp closed and became effective on May 14, 2004. On January 3, 2005, Lancaster's relationship with ONESCO was terminated. Lancaster invested a significant portion of Landcorp's funds in Megafund, a Texas-based Ponzi scheme.[3] As a result, Landcorp failed and went into receivership. Pals asserts that he invested $1,100,000 into Landcorp through the life of the fund and that approximately seventy percent of those investments occurred while Lancaster was affiliated with ONESCO.

As a member of the NASD, ONESCO is bound to follow NASD's Rules. *See Fleet Boston Robertson Stephens, Inc. v. Innovex, Inc.*, 264 F.3d 770, 771 (8th Cir. 2001). According to the NASD Code of Arbitration Rule 10301(a), "Any dispute, claim, or controversy . . . between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated person shall be arbitrated . . . upon the demand of the customer." Pals asserts that he was a customer of ONESCO through Lancaster's association with it. On March 16, 2007, Pals, individually and as trustee on behalf of

---

[3]A Ponzi scheme is "[a] fraudulent investment scheme in which money contributed by later investors generates artificially high dividends for the original investors, whose example attracts even larger investments." Black's Law Dictionary 1198 (8th ed. 2004).

the two trusts (collectively "Pals"), filed an arbitration action against ONESCO with the NASD based on Rule 10301(a). Pals's statement of claim raised numerous grounds for relief, including fraud and negligent supervision.

ONESCO asserts that Pals's claims are not arbitrable under Rule 10301(a) because Pals was not a customer of ONESCO during the time of the alleged misrepresentations by Lancaster that form the basis for the statement of claim Pals submitted in the NASD arbitration. On June 22, 2007, ONESCO filed a complaint in federal district court against Pals for declaratory and injunctive relief, seeking a declaration that it had no obligation to arbitrate any of Pals's claims and a permanent injunction enjoining the arbitration. After Pals filed his answer, ONESCO filed a motion for preliminary injunction to enjoin Pals from proceeding with the pending NASD arbitration. ONESCO also filed a motion to consolidate the preliminary injunction hearing with a trial on the merits and a motion to authorize the parties to engage in immediate discovery. Pals filed briefs in opposition to ONESCO's motions and filed a separate motion to compel arbitration. On September 6, 2007, the district court issued its order denying ONESCO's motion for preliminary injunction and granting Pals's motion to compel arbitration. The district court denied all other motions as moot and stayed "all actions in this court . . . in the interim." *O.N. Equity Sales Co. v. Pals*, 509 F. Supp. 2d 761, 771 (N.D. Iowa 2007). The district court also ordered the parties to submit status reports on the progress of the arbitration every ninety days and within fifteen days of the disposition of the arbitration action. ONESCO appeals, arguing that the district court erred in denying its motion for preliminary injunction and granting Pals's motion to compel arbitration.

## II.    DISCUSSION

Pals asserts that this court lacks jurisdiction to review the district court's order denying ONESCO's motion for preliminary injunction and granting his motion to compel arbitration. We must establish jurisdiction before reaching the merits of a case. *United States v. Johnson*, 228 F.3d 920, 922-23 (8th Cir. 2000).

-4-

We typically have jurisdiction over interlocutory orders denying motions for injunctive relief pursuant to 28 U.S.C. § 1292(a)(1). *See Morgenstern v. Wilson*, 29 F.3d 1291, 1294-95 (8th Cir. 1994). However, "[s]ection 16 of the Federal Arbitration Act [("FAA")] . . . governs appellate review of arbitration orders."[4] *Green Tree Fin.*

---

[4]Section 16 of the FAA provides:

> (a) An appeal may be taken from–
>     (1) an order–
>         (A) refusing a stay of any action under section 3 of this title,
>         (B) denying a petition under section 4 of this title to order arbitration to procced,
>         (C) denying an application under section 206 of this title to compel arbitration,
>         (D) confirming or denying confirmation of an award or partial award, or
>         (E) modifying, correcting, or vacating an award;
>     (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or
>     (3) a final decision with respect to an arbitration that is subject to this title.
>
> (b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order–
>     (1) granting a stay of any action under section 3 of this title;
>     (2) directing arbitration to proceed under section 4 of this title;
>     (3) compelling arbitration under section 206 of this title; or
>     (4) refusing to enjoin an arbitration that is subject to this title.

9 U.S.C. § 16.

*Corp.-Ala. v. Randolph*, 531 U.S. 79, 84 (2000). Therefore, § 16(b)(4) of the FAA, and not § 1292(a)(1), governs our jurisdiction to review a district court's order refusing to enjoin an arbitration that is subject to the FAA.[5] *ConArt, Inc. v. Hellmuth, Obata + Kassabaum, Inc.*, 504 F.3d 1208, 1210-11 (11th Cir. 2007). Here, the district court denied ONESCO's motion for preliminary injunction to enjoin Pals from proceeding with the NASD arbitration action, and it did not certify the appeal under 28 U.S.C. § 1292(b). Therefore, under § 16(b)(4) of the FAA, we lack jurisdiction to review the district court's order denying ONESCO's motion for preliminary injunction.

As for the district court's order granting Pals's motion to compel arbitration, "[a]bsent a district court certification under 28 U.S.C. § 1292(b), . . . an interlocutory order directing arbitration and staying an action is not appealable." *Manion v. Nagin*, 255 F.3d 535, 540 (8th Cir. 2001) (citing 9 U.S.C. § 16(b)). Here, the district court granted Pals's motion to compel arbitration without certification under § 1292(b) and ordered that "[t]his matter shall proceed to arbitration and all actions in this court are stayed in the interim." *Pals*, 509 F. Supp. 2d at 771. Therefore, we also lack jurisdiction over ONESCO's appeal of the district court's order compelling arbitration and staying the proceedings. *See* § 16(b)(1)-(3).

ONESCO argues that we have jurisdiction over the appeal pursuant to § 16(a)(3) of the FAA, which provides jurisdiction to review "a final decision with respect to an arbitration." *See St. Paul Fire & Marine Ins. Co. v. Courtney Enters., Inc.*, 270 F.3d 621, 622 (8th Cir. 2001) ("We have jurisdiction to review a final order compelling arbitration."). ONESCO contends that the district court's order is a final decision because it compelled arbitration in an "independent" proceeding rather than in an "embedded" proceeding. *See Lebanon Chem. Corp. v. United Farmers Plant*

---

[5]The parties do not dispute that the FAA applies in this case. *See* 9 U.S.C. § 2 (stating that the FAA applies to all arbitration agreements "involving commerce").

*Food, Inc.*, 179 F.3d 1095, 1102 (8th Cir. 1999) (recognizing the independent/embedded distinction). "A proceeding is independent when a party comes to federal court for the sole purpose of asking the court to issue an order authorized by the FAA, and embedded when the order arise[s] in the midst of ongoing litigation in the district court." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (internal quotations omitted). Courts have held that orders compelling arbitration in an independent proceeding are appealable, final decisions with respect to an arbitration. *See, e.g.*, *Iowa Grain Co. v. Brown*, 171 F.3d 504, 508 (7th Cir. 1999) (recognizing that independent proceedings are final decisions conferring jurisdiction to appellate courts pursuant to § 16(a)(3)); *Prudential Ins. Co. v. Lai*, 42 F.3d 1299, 1302 (9th Cir. 1994) (same). Because ONESCO's sole purpose before the district court was to seek a declaration that Pals's claims were not arbitrable, it asserts that this was an independent proceeding and that we have jurisdiction because the district court's order was a final decision pursuant to § 16(a)(3).

The Supreme Court has cast considerable doubt on the viability of the independent/embedded distinction: "Certainly the plain language of the statutory text does not suggest that Congress intended to incorporate the rather complex independent/embedded distinction, and its consequences for finality, into § 16(a)(3)." *Green Tree*, 531 U.S. at 88-89; *see ATAC Corp. v. Arthur Teacher's, Inc.*, 280 F.3d 1091, 1097 (6th Cir. 2002) (recognizing that the Supreme Court rejected the embeddedness test); *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 707 (5th Cir. 2002) (recognizing that it is no longer necessary to conduct an analysis of whether a lawsuit is independent or embedded). Instead, the Supreme Court has directed us to consider a "final decision with respect to an arbitration" under § 16(a)(3) as "a decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Green Tree*, 531 U.S. at 86 (internal quotations omitted). The Court held that a district court's order directing the parties to arbitration and dismissing all the claims before it was an appealable, final decision under §

16(a)(3). *Id.* at 89. However, the Court noted that "[h]ad the District Court entered a stay instead of a dismissal[,] . . . that order would not be appealable." *Id.* at 87 n.2 (citing 9 U.S.C. § 16(b)(1)); *see Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 481 (5th Cir. 2002) ("The Supreme Court held in *Green Tree* that, when a district court issues an order compelling arbitration, that order is appealable as a final decision under section 16(a)(3) only if the district court dismisses the underlying action.").

Here, the district court's order is not an appealable, final decision under § 16(a)(3) of the FAA. *See Comanche Indian Tribe of Okla. v. 49, L.L.C.*, 391 F.3d 1129, 1132-33 (10th Cir. 2004) (holding, based on a nearly identical procedural posture, that a district court order compelling arbitration and staying proceedings was not a final decision). Unlike *Green Tree*, the district court here did not dismiss all of the claims. ONESCO's claims for declaratory and permanent injunctive relief were not decided by the district court and remain pending. The district court's order only addressed ONESCO's motion for preliminary injunctive relief and Pals's motion to compel arbitration. The district court also specifically ordered that "all actions in this court are stayed" while the arbitration proceeds and required the parties to submit status reports. *Pals*, 509 F. Supp. 2d at 771. The district court's order here is not "a final decision with respect to an arbitration" under § 16(a)(3) because it is not "a decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *See Green Tree*, 531 U.S. at 86 (internal quotations omitted); *see also Comanche Indian Tribe*, 391 F.3d at 1132-33. Because "[t]he district court did not dismiss the action, but rather stayed judicial proceedings, retained jurisdiction over the case and the parties, and ordered that they submit to arbitration," *Prescott-Follett & Assocs., Inc. v. Delasa/Prescott-Follett & Assocs.*, 100 Fed. Appx. 288, 290 (5th Cir. 2004) (unpublished per curiam), we conclude that we

-8-

also lack jurisdiction to review the district court's order refusing to enjoin and compelling the pending NASD arbitration.[6]

## III.   CONCLUSION

Accordingly, we dismiss the appeal for lack of jurisdiction.

———————————————

———————————————

[6]The record does not reveal why the district court chose not to enter a final decision by deciding the declaratory and permanent injunctive relief claims and instead chose to enter a stay. However, neither party raised this issue on appeal. Thus, "[t]he question whether the District Court should have taken that course is not before us, and we do not address it." *Green Tree*, 531 U.S. at 87 n.2 (refusing to address whether the district court should have entered a stay); *see Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 392 (5th Cir. 2006) (holding that the district court should not have issued a stay pursuant to 9 U.S.C. § 3 when the issue was raised on appeal).