# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-3456

_____

James Webb

*Plaintiff - Appellee*

v.

Farmers of North America, Inc., A Delaware Company

*Defendant - Appellant*

James Mann

*Defendant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: December 11, 2018
Filed: May 31, 2019

_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

_____

SMITH, Chief Judge.

Farmers of North America, Inc. ("Farmers") brings this interlocutory appeal of the district court's[1] rulings interpreting an arbitration agreement in an employment contract. As discussed herein, we do not reach the merits of the appeal and dismiss for lack of jurisdiction.

I. *Background*

James Webb sued Farmers for an alleged breach of the employment contract that he and Farmers had signed, along with some other related employment matters. Webb's employment contract with Farmers included an arbitration clause. The district court, upon review of the contract, found that the parties' dispute is subject to arbitration pursuant to the arbitration clause. Accordingly, the district court granted Farmers's motion compelling arbitration and stayed the proceeding pending the outcome of that arbitration.

The arbitration clause states that the American Arbitration Association (AAA) rules will govern the arbitration. The parties agree to that general statement, but they disagree as to the effect of designating the AAA rules. Farmers asserts that the contract's inclusion of the AAA rules mandates that the AAA must also administer the arbitration.[2] Webb disagrees. He avers that the contract only requires AAA rules be applied, which a non-AAA arbitrator could do consistent with the contract. Reaching an impasse, Webb's lawyer wrote a letter to the district court (copying opposing counsel) seeking clarification on this question. The district court agreed with Webb's position and found that agreeing to arbitrate by AAA rules did not necessitate that AAA itself arbitrate the dispute. The court decided the contractual language in the arbitration clause was ambiguous "at the very least." *Webb v. Farmers of N. Am., Inc.*, No. 4:16-cv-00080, 2017 WL 6813709, at *1 (W.D. Mo.

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

[2] There is no question the AAA *could* administer the arbitration.

Oct. 10, 2017). If Farmers "intended for all disputes to be presented to the AAA for arbitration," the district court explained, "[Farmers] ought to have used such language in the contract." *Id*. The district court then ordered the parties "to work together to find a mutually acceptable arbitrator." *Id*. at *2.

Farmers filed this interlocutory appeal, arguing that the AAA rules, as applied through its contract with Webb, mandate that the AAA administer this arbitration. We decline to weigh in on the merits of Farmers's argument, however, because we lack jurisdiction over the appeal. Subject matter jurisdiction is a prerequisite for every appeal. For the reasons explained below, none of Farmers's asserted bases for jurisdiction suffice to enable this court's jurisdiction.

## II. *Discussion*

Farmers asserts three bases for our jurisdiction: (1) the district court's order compelling arbitration was a final order pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 16(a)(3); (2) the district court's denial of Farmers's petition to arbitrate pursuant to the parties' agreement creates jurisdiction under 9 U.S.C. § 16(a)(1)(B); and (3) the collateral order doctrine applies. We address each in turn.

## A. *16(a)(3) "Final Decision"*

Farmers first asserts jurisdiction exists pursuant to §16(a)(3) of the FAA, which states "[a]n appeal may be taken from . . . a final decision with respect to an arbitration that is subject to this title." The Supreme Court has ruled that a "final decision with respect to an arbitration" under this statute is "a decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 86 (2000) (cleaned up). When a district court enters a stay instead of a dismissal, that order is not appealable. *Id*. at 87 n.2. Here, the district court's decision stayed the case pending arbitration, but it did not dismiss the claims. *See, e.g.*, *ON Equity Sales Co. v. Pals*,

528 F.3d 564, 569 (8th Cir. 2008). This appeal, like *Pals*, is not from a final decision. *Id.*

### B. *16(a)(1)(B) Denial of Petition to Arbitrate*

Second, Farmers argues appellate jurisdiction exists under "9 U.S.C. § 16(a)(1)(B) because the district court denied the petition to arbitrate pursuant to the parties' agreement, *i.e.*, their agreed method of selecting an arbitrator." Appellant's Br. at 1. This argument misconstrues the statute. Section 16(a)(1)(B) is plain: "An appeal may be taken from . . . an order . . . denying a petition under section 4 of this title to order arbitration to proceed." The district court did not deny a petition to arbitrate. To the contrary, the court ordered arbitration conducted in accordance with AAA rules.

Farmers relies heavily on *Luigino's Inc. v. Kostal*, 68 F.3d 478, 1995 WL 620108 (8th Cir. 1995) (unpublished per curiam). *Kostal* is not precedential. 8th Cir. R. 32.1A ("Unpublished opinions . . . . are not precedent."). We also do not find it persuasive because the facts of the two cases are not analogous.[3] Section 16(a)(1)(B) simply cannot supply jurisdiction without an order denying arbitration. This conclusion is consistent both with the decision of every circuit that has considered this issue and with the purpose of Section 16 to move parties into arbitration rapidly and without obstruction. *See Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 814 F.3d 300, 303–04 (5th Cir. 2016) (declining to consider an appeal of a party whose "motion to compel was granted, albeit not in the first-choice forum." (internal quotation omitted)) (collecting cases). We therefore lack jurisdiction under § 16(a)(1)(B) absent an order denying arbitration outright.

---

[3]In *Luigino's*, a panel of this court determined who should arbitrate a matter when the employee and employer had two separate arbitration provisions in the employment agreement based on the nature of the dispute. 1995 WL 620108, at *1. Here, by contrast, the parties have one arbitration provision that the district court has already interpreted.

## C. *Collateral Order Doctrine*

Lastly, Farmers asserts that the collateral order doctrine provides jurisdiction to appeal the district court's October 10th order instructing the parties to work together to select an arbitrator, even if that arbitrator does not come from the AAA. The collateral order doctrine confers appellate jurisdiction to review interlocutory "decisions 'which finally determine claims of right separate from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate jurisdiction be deferred until the whole case is adjudicated.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). We apply a three-factor test to determine whether this "practical construction of the final judgment rule" will lend immediate appellate review of an otherwise unappealable decision. *Alpine Glass, Inc. v. Country Mut. Ins. Co.*, 686 F.3d 874, 877 (8th Cir. 2012) (internal quotation omitted). Jurisdiction is only proper under this narrow doctrine "if the order appealed from (1) conclusively determines a disputed issue; (2) which is an *important* issue completely separate from the merits; and (3) is *effectively unreviewable* on appeal from a final judgment." *Id.* (internal quotation omitted).

Although we suspect that the district court's October 10th order fails to qualify under any of the three prongs of our test, it need only fail one. *See Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 498 (1989). Regarding the third prong, "the general rule [is] that an order is effectively unreviewable only where the order at issue involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *Id.* at 498–99 (cleaned up). A "right . . . that is essentially destroyed if its vindication must be postponed until trial is completed" is effectively unreviewable. *Id.* at 499.

The district court's order sending the parties to arbitration is not effectively unreviewable. If Farmers is dissatisfied with the final result of arbitration and an

order confirming that award by the district court, it would at that time have an appropriate remedy to seek review on appeal through 9 U.S.C. § 16(a)(3). The district court's order confirming an arbitration award is reviewable on appeal. We decline to apply the collateral order doctrine to find jurisdiction in this case.

## III. *Conclusion*

Accordingly, we dismiss Farmers's interlocutory appeal for lack of jurisdiction under any of the three raised grounds.

—————————————————