# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2022

Lyle W. Cayce
Clerk

No. 21-30295

Jane Doe,

*Plaintiff—Appellant*,

*versus*

Tonti Management Company, L.L.C.; Sherri Roane; Sally Boyer; Lynn Montz; APMT Management Services, L.L.C., improperly named as Tonti Management Company, L.L.C.; APMT, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-2466

Before Owen, *Chief Judge*, and Clement and Engelhardt, *Circuit Judges*.

Edith Brown Clement, *Circuit Judge*:

Appellant Jane Doe appeals the district court's order denying her motion to re-open the case, sever the cost-splitting provision of the parties' arbitration agreement, and impose the full costs of arbitration on Appellee Tonti Management Company, L.L.C. For the following reasons, we DISMISS this appeal for lack of jurisdiction.

No. 21-30295

## I.

In 2020, Doe and her boyfriend signed a lease for a one-bedroom unit at Polo Run, an apartment complex in Metairie, Louisiana, operated and managed by Tonti Management Company, L.L.C (Tonti).[1]  The lease lists Doe's boyfriend as the "Lessee" and Doe as an "Authorized Occupant."  It also contains an animal addendum, which authorizes only one animal per apartment.

Consistent with the animal addendum, Doe and her boyfriend have a pet cat named Luna.  But according to the amended complaint, Luna "does not have a warm personality—she is very solitary and standoffish."  Because Doe suffers from major depressive disorder and anxiety, Luna's temperament does not provide Doe with the emotional support that she claims she needs.  As a result, Doe requested an accommodation from Tonti's one-animal-per-apartment policy so that she and her boyfriend could have a second cat, GiGi, to serve as an emotional support animal.  GiGi reportedly has a nurturing personality and is very warm and loving.

Tonti did not accommodate Doe's request, so in September of 2020, Doe sued Tonti for declaratory relief, injunctive relief, monetary damages, and punitive damages under the Fair Housing Act (FHA) and the Louisiana Equal Housing Opportunity Act.  She also asserted various Louisiana state-law tort claims.

Shortly after filing suit, Doe moved for a preliminary injunction requiring Tonti to allow her to have GiGi in her apartment while the case proceeded.  Tonti responded, opposing the preliminary injunction and

---

[1] The record reflects that Tonti Management Company, L.L.C. is a trade name for the true party in interest, APMT Management Services, L.L.C.  Because the parties use "Tonti" in their briefs to refer to the Appellee, we do the same.

moving to compel arbitration and stay the case pursuant to the lease's arbitration clause. The arbitration clause provides, *inter alia*:

> [A]ny and all disputes, assertions, claims or controversies, lawsuits, complaints or causes of action between the applicant, lessor, lessee, authorized occupants and all other parties including but not limited to . . . fair housing, civil rights, [and] discrimination claims . . . as well as any disputes, claims or controversies regarding the scope, validity and/or enforceability of this Arbitration Agreement, shall be resolved through binding arbitration in accordance with the Federal Arbitration Act . . . and the procedural rules of arbitration published by Mediation Arbitration Professional Systems, Inc. [(MAPS)].
>
> . . .
>
> Notwithstanding the outcome of the dispute each party shall be responsible for his/her/its own deposits, costs, fees (including but not limited to attorney's fees) and expenses associated with the arbitration, and any action to confirm or contest the award.

Doe responded to Tonti's motion to compel arbitration, arguing that if the district court were inclined to compel the dispute to arbitration, then it should sever the arbitration clause's cost-splitting provision and require Tonti to pay her share of the arbitration costs.

The district court granted Tonti's motion to compel arbitration. *Doe v. Tonti Mgmt. Co.*, No. CV 20-2466, 2021 WL 5508874, at *16 (E.D. La. Mar. 1, 2021). It held that Doe, as a party to the lease agreement, was bound by the arbitration clause and required to arbitrate her claims against Tonti. *Id.* at *10–15. It also declined to rule on Doe's motion for a preliminary injunction. *Id.* at *1–2. Importantly, it also denied Doe's request to sever the cost-splitting provision of the arbitration clause and her request that Tonti pay her share of the arbitration costs. *Id.* at *15–16. Regarding her request to sever, the district court determined that the issue was not properly before it

No. 21-30295

because the arbitration clause contained an enforceable delegation provision. *Id.* at *15. But even if that were not the case, the district court held, Doe failed to provide any authority for her assertion that the cost-splitting provision was an unconscionable prospective waiver of her statutory rights under the FHA. *Id.*

As for Doe's request that Tonti cover her arbitration costs, the district court acknowledged that Doe had little money, but it nevertheless determined that Doe had not shown that she would be unable to have her rights vindicated absent Tonti paying her share. *Id.* at *15–16. It then reasoned that there were *at least* two ways to resolve the issue non-judicially: by Tonti volunteering to pay Doe's way, or by MAPS agreeing to provide a volunteer arbitrator. *Id.* at *16. In the event the parties could not resolve the issue, the district court authorized Doe to file a motion re-urging her argument. *Id.* Finally, it stayed the case, administratively closed the civil action, and retained jurisdiction over the same, noting that it would re-open the case on appropriate written motion. *Id.*

Following the district court's order, Doe requested that Tonti pay her share of the arbitration costs. Unsurprisingly, Tonti declined. To add insult to injury, Tonti responded by requesting that Doe pay *its* share of the arbitration costs. Doe declined. Meanwhile, MAPS offered to provide a volunteer arbitrator and waive all costs and fees. However, it indicated that it would limit the free arbitration to eight hours.

This offer was not acceptable to Doe, so she filed a motion to re-open the case and sever the cost-splitting provision of the arbitration clause. In it, Doe did not dispute the enforceability of the arbitration clause as a whole. Rather, she re-urged her argument that the district court should sever the cost-splitting provision of the arbitration clause and impose her share of the arbitration costs on Tonti. The district court denied Doe's motion. It held

that disputes regarding the parties' respective responsibilities for arbitration costs should be addressed by the arbitrator *if and when they arise*. Doe timely appealed.

## II.

This appeal is the result of two related orders. The first, which is not directly on appeal, is the district court's order granting Tonti's motion to compel arbitration. The second, which *is* directly on appeal, is the district court's order denying Doe's motion to re-open the case and sever the cost-splitting provision of the arbitration clause.

Tonti argues that we lack jurisdiction over this appeal because the latter order is not final within the meaning of § 16 of the Federal Arbitration Act (FAA). It further argues that we lack jurisdiction under the collateral order doctrine and that exercising mandamus jurisdiction would be inappropriate. We agree.

## A.

We have jurisdiction to examine the basis of our own jurisdiction. *Cargill Ferrous Int'l v. SEA PHOENIX MV*, 325 F.3d 695, 704 (5th Cir. 2003). Generally, our jurisdiction extends only to appeals from final orders. *Sw. Elec. Power Co. v. Certain Underwriters at Lloyds of London*, 772 F.3d 384, 386 (5th Cir. 2014) (citing 28 U.S.C. § 1291). But there is no final order in this case.

Section 16(a)(3) of the FAA provides that "[a]n appeal may be taken from . . . a final decision with respect to an arbitration that is subject to this title." 9 U.S.C. § 16(a)(3). However, § 16(b)(3) provides that, "[e]xcept as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order . . . compelling arbitration under section 206 of this title." *Id.* § 16(b)(3).

Our precedent interpreting § 16 of the FAA is clear: orders compelling arbitration that stay and administratively close a civil action pending arbitration are interlocutory and unappealable. *Sw. Elec. Power Co.*, 772 F.3d at 387 ("[A] district court order staying and administratively closing a case lacks the finality of an outright dismissal or closure." (citation omitted)); *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 249 (5th Cir. 2006); *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004); *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 309–11 (5th Cir. 2003). Here, the district court's order granting Tonti's motion to compel arbitration stayed and administratively closed the case. *Doe*, 2021 WL 5508874, at *16. Thus, we lack jurisdiction to review its merits.

To be sure, the order on appeal is the district court's order denying Doe's motion to re-open the case and sever the cost-splitting provision of the arbitration agreement—*not* its order compelling arbitration. But that makes no difference for our purposes. As both parties acknowledge, Doe's motion to re-open and sever was, in effect, nothing more than a motion to reconsider the merits of part of the district court's order compelling arbitration. And we have no more jurisdiction to review an order declining to reconsider an order compelling arbitration than we do to review the order compelling arbitration itself.

This result makes sense: § 16(b)(3) of the FAA precludes review of interlocutory orders compelling arbitration, and a litigant cannot circumvent its strictures simply by filing a motion for reconsideration of that otherwise unappealable order. We have held as much on at least two occasions, albeit in unpublished decisions. *Green v. Serv. Corp. Int'l*, 236 F. App'x 898, 900 (5th Cir. 2007) (unpublished); *Prescott-Follett & Assocs., Inc. v. DELASA/Prescott-Follett & Assocs.*, 100 F. App'x 288, 290 (5th Cir. 2004) (per curiam) (unpublished). It is time we do so in a published decision.

We hold that a denial of a motion to reconsider an order compelling arbitration does not possess any more finality than the order compelling arbitration itself; both are interlocutory and unappealable under § 16(b)(3) of the FAA.

## B.

Doe argues that we have appellate jurisdiction under the collateral order doctrine. We disagree.

The collateral order doctrine makes immediately appealable a "narrow class of decisions" for which no final judgment has been rendered. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 448 (5th Cir. 2019) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)). "To qualify as a collateral order, an 'order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment.'" *Id.* (quoting *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 171 (5th Cir. 2009)).

But Doe has not cited, nor are we aware of, any cases in which this court has "used the collateral order doctrine to exercise jurisdiction over an interlocutory order compelling arbitration." *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 814 F.3d 300, 304 (5th Cir. 2016). In *Al Rushaid*, we explained that § 16 of the FAA "provides a specific framework for determining whether and when an appeal is proper" in this context, and we declined to "interfere with th[at] statutory design" by invoking the collateral order doctrine. *Id.* (citing cases from the Sixth, Ninth, and Eleventh Circuits standing for the same proposition). And although Doe seeks review of the district court's denial of her motion to reconsider its order compelling arbitration, rather than review of the order compelling arbitration itself, we see no reason why our reasoning in *Al Rushaid* should not apply with equal force here. As

discussed in subsection A, *supra*, there is no meaningful distinction between the two orders for purposes of our appellate jurisdiction.

## C.

Finally, we decline to exercise mandamus jurisdiction. "Mandamus is a drastic remedy reserved only for truly extraordinary situations." *Apache Bohai Corp.*, 330 F.3d at 310. To justify the exercise of mandamus jurisdiction, Doe must show that "[t]he district court . . . committed a 'clear abuse of discretion' or engaged in 'conduct amounting to the usurpation of power.'" *Id.* (quoting *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989)).

This is not an extraordinary case. Doe argues that the district court misapplied the law by impermissibly delegating the parties' cost-splitting "dispute" to the arbitrator. We disagree. The district court, having recognized that MAPS waived all fees and offered eight free hours of arbitration, determined that there was no *present* dispute about cost splitting for it to resolve. That is because neither party knows how long the arbitration will take and, by extension, how much it will cost. Indeed, they dispute this point: Doe's expert testified by declaration that the arbitration could take approximately three days, whereas Tonti's expert testified by declaration that the arbitration should take only one day.

In addition, the arbitration clause incorporates the MAPS rules of arbitration. MAPS Rule 18b clearly provides that "agreement[s] between [parties] regarding the payment of Arbitration fees [are] not binding on [MAPS]." That is, notwithstanding the cost-splitting provision, the MAPS arbitrator has discretion to determine how the arbitration costs should be split—should such a dispute over costs even arise. Given the nature of the case and the uncertainty regarding how long the arbitration may take and how

costly it may be, the district court did not abuse its discretion by leaving that potential, future dispute in the arbitrator's hands.

\*　　　\*　　　\*

The district court's order declining to re-open the case and sever the cost splitting provision of the parties' arbitration agreement is an unappealable interlocutory order.  Therefore, we lack jurisdiction to review it.  We further decline to treat it as an appealable collateral order or to exercise mandamus jurisdiction.

Appeal DISMISSED.

It is further ORDERED that Doe's motion requesting reassignment is DENIED AS MOOT.