# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2022

Lyle W. Cayce
Clerk

No. 22-30372
Summary Calendar

---

Tra-dor, Incorporated; Bayou Bend Apartments, L.P.; Bayou Bend, II, L.P.; Westlake Housing Partnership, L.P.; Westlake II Housing Partnership, L.P.; Westlake Homes, L.P.; Bentley, Limited; Legacy at Lakeview, L.L.C.; Coventry Place, L.P.; Bartlett Place, L.P.; Oxford Court, L.P., doing business as Oxford Court Apartments; Isabella I Estates, L.P.; Isabella II Estates, L.P.,

*Plaintiffs—Appellants*,

*versus*

Certain Underwriters at Lloyds London, Subscribing to Policy No W15972200701, incorrectly named Underwriters at Lloyds London; Beazley American Insurance Company, Incorporated, also known as Beazley Insurance Company, Incorporated; J S Held, L.L.C.; Patrick Jay Blankenship; Engle Martin ; Associates, L.L.C.,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:21-CV-2997

---

Before DAVIS, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Plaintiffs-Appellants appeal the district court's Rule 12(b)(6) dismissal of their claims against Defendants-Appellees, Engle Martin & Associates, LLC ("EMA") and J.S. Held, LLC. ("J.S. Held") (collectively "insurance-adjuster defendants"), as well as the denial of their motion for leave to amend their complaint. Because we lack jurisdiction, this appeal is DISMISSED.

## BACKGROUND

Plaintiffs in this lawsuit are owners of rental properties damaged by Hurricane Laura which struck southwest Louisiana on August 27, 2020. They allege that their insurers, Defendants-Appellees, Certain Underwriters at Lloyds London Subscribing to Policy No. W15972200701 ("Underwriters") and Beazley American Insurance Company, Inc. ("Beazley"), failed to promptly and adequately pay amounts owed under their policies for the storm damage. They further allege that Underwriters retained EMA to adjust the claims and that EMA in turn retained J.S. Held to estimate damages and repair costs. Plaintiffs asserted claims for breach of contract and bad faith under Louisiana law against Beazley and Underwriters; they asserted claims of negligence and negligent and intentional infliction of emotional distress against Underwriters and Beazley, as well as the insurance-adjuster defendants; and finally they asserted violations of the Louisiana Unfair Trade Practices Act against all defendants.

The insurance-adjuster defendants moved to dismiss the claims against them pursuant to Rule 12(b)(6) for failure to state a claim, arguing that third-party adjusters owe no duty to the insured under Louisiana law. Beazley also filed a motion to dismiss Plaintiffs' claims pursuant to

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Rule 12(b)(6), arguing that it never issued any insurance policies to Plaintiffs. Underwriters filed a motion to compel arbitration and for stay of the litigation pending arbitration.

The district court granted the insurance-adjuster defendants' Rule 12(b)(6) motion, dismissing all claims against them with prejudice, and further denied Plaintiffs' motion for leave to amend which they filed in opposing the motion to dismiss. Plaintiffs subsequently filed a notice of appeal of the district court's dismissal, instituting the instant appeal. The district court then denied Beazley's Rule 12(b)(6) motion, determining "that Beazley was not able to meet the standards for a Rule 12(b)(6) dismissal" and stating that "the claims asserted against Beazley will stand." Finally, the district court granted Underwriters' motion to compel arbitration and for stay of the litigation.

## DISCUSSION

On appeal of the district court's judgment dismissing the insurance-adjuster defendants, Plaintiffs argue that the district court erroneously granted the Rule 12(b)(6) motion and wrongly denied Plaintiffs' motion to amend. Citing no authority, Plaintiffs assert that "[t]he ruling constitutes a final decision of the district court and is subject to this Court's appellate jurisdiction." Defendants-appellees note, however, that the district court never certified the judgment dismissing Plaintiffs' claims against the insurance-adjuster defendants as a "final" judgment under Rule 54(b) or as appealable under 28 U.S.C. § 1292(b). Defendants-appellees suggest that this Court consequently lacks jurisdiction. We agree.

In general, this Court's jurisdiction extends only to appeals from final orders. *Doe v. Tonti Mgmt. Co., L.L.C.*, 24 F.4th 1005, 1008 (5th Cir. 2022). *Id.* (citation omitted). "A decision is final when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."

No. 22-30372

*Askanese v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir. 1993) (internal quotation marks and citation omitted).  "When an action involves multiple parties, any decision that adjudicates the liability of fewer than all of the parties does not terminate the action and is therefore not appealable unless certified by the district judge under Rule 54(b)."  *Id.* (citation omitted).

In this multiple-party case, Plaintiffs' claims against Beazley and Underwriters remain pending in district court.  Specifically, the district court denied Beazley's Rule 12(b)(6) motion, stating that "the claims asserted against Beazley will stand."   And, though the district court granted Underwriters' motion to compel arbitration and for stay of the litigation, "orders compelling arbitration that stay . . . a civil action pending arbitration are interlocutory and unappealable" and "lack[] the finality of an outright dismissal."  *Doe*, 24 F.4th at 1009 (internal quotation marks and citations omitted).   Consequently, to be appealable, the judgment dismissing Plaintiffs' claims against the insurance-adjuster defendants had to be certified as "final" by the district court under Rule 54(b) or as appealable under 28 U.S.C. § 1292(b), which did not occur.  Therefore, this Court lacks jurisdiction over this appeal.

Accordingly, because there is no final and appealable judgment, this appeal is DISMISSED for lack of jurisdiction.