# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2022

Lyle W. Cayce
Clerk

No. 22-30493
Summary Calendar

Allstate Life Insurance Company,

*Plaintiff*,

*versus*

Yvette Marcelle,

*Defendant—Appellee*,

*versus*

Eunice Valleria Moore-Lavigne; The Estate of Doctor Marilyn Ray-Jones; The Ray-Jones Family Irrevocable Trust,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CV-469

Before DAVIS, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

In this interpleader action instituted by Allstate Life Insurance Company ("Allstate"), Defendants-Appellants, Earl Marcelle, Eunice Valleria Moore-Lavigne, the Estate of Dr. Marilyn Ray-Jones, and the Ray-Jones Family Irrevocable Trust (collectively "Moore-Lavigne Defendants"), appeal the district court's order granting summary judgment in favor of Co-Defendant, Yvette Marcelle. Because we lack jurisdiction, this appeal is DISMISSED.

## BACKGROUND

Allstate instituted an interpleader action under Federal Rule of Civil Procedure 22, alleging that Dr. Marilyn Ray-Jones purchased an Allstate life insurance policy in December 2004. Allstate stated that Dr. Ray-Jones died in October 2020, and that her son, who was designated as the primary beneficiary on the policy, died approximately one year before in November 2019. Allstate further alleged that Defendant Yvette Marcelle was designated as the contingent beneficiary on the policy and that she had made a claim for the policy's death benefit. However, the Moore-Lavigne Defendants also had contacted Allstate, asserting that Dr. Ray-Jones intended to have the policy's proceeds pass into her estate and the Ray-Jones Family Irrevocable Trust, of which Earl Marcelle and Eunice Valleria Moore-Lavigne are the trustees.

Allstate contended that it was "an innocent, disinterested stakeholder" and was "unable to determine the respective interests of the known potential claimants to the [p]olicy's death benefit." Allstate sought "resolution of the conflicting claims in good faith" by instituting an

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

interpleader action. Although Allstate alleged that it had "no independent liability to any of the defendants," along with their answer to Allstate's complaint, the Moore-Lavigne Defendants filed a counterclaim against Allstate for negligence and breach of contract.[1] Specifically, they alleged that Allstate representatives erroneously communicated that there was no contingent beneficiary designated for the policy's proceeds and that the Moore-Lavigne Defendants relied on the erroneous and misleading information to their detriment.

Defendant Yvette Marcelle moved for summary judgment. She argued that because the primary beneficiary on the policy was deceased and she was the designated contingent beneficiary, she was entitled to the policy's proceeds. The Moore-Lavigne Defendants opposed the motion, asserting that because Dr. Ray-Jones "substantially complied" with the policy provisions, summary judgment was not warranted.

The district court determined that Defendant Yvette Marcelle was entitled to the proceeds and issued an order granting summary judgment in her favor. In its ruling, the district court noted that the Moore-Lavigne Defendants had filed a counterclaim against Allstate. The Moore-Lavigne Defendants subsequently filed a notice of appeal of the district court's order granting summary judgment.

## DISCUSSION

On appeal, the Moore-Lavigne Defendants argue that the district court erred in granting Defendant Yvette Marcelle's motion for summary judgment.

---

[1] We have noted that in an interpleader action, "[o]nce the stakeholder joins the claimants, a claimant may file a counterclaim against the stakeholder as an opposing party." *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 881 (5th Cir. 1998) (citations omitted).

"We have jurisdiction to examine the basis of our own jurisdiction."[2] In their jurisdictional statement, the Moore-Lavigne Defendants "invoke[]" the jurisdiction of this Court under 28 U.S.C. § 1291, which provides the courts of appeals with "jurisdiction of appeals from all final decisions of the district courts of the United States." As described below, however, the order granting summary judgment is not a "final decision" of the district court. Consequently, this Court lacks jurisdiction.

"A decision is final when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[3] "When an action involves multiple parties, any decision that adjudicates the liability of fewer than all of the parties does not terminate the action and is therefore not appealable unless certified by the district judge under Rule 54(b)."[4]

In this multiple-party interpleader action, the Moore-Lavigne Defendants' counterclaim against Allstate remains pending in district court. In its order granting summary judgment, the district court specifically acknowledged that the Moore-Lavigne Defendants had filed a counterclaim against Allstate. Consequently, to be appealable, the order granting summary judgment in favor of Defendant Yvette Marcelle had to be certified as "final" by the district court under Rule 54(b) or as appealable under 28 U.S.C. § 1292(b), which did not occur. Therefore, this Court lacks jurisdiction over this appeal.

---

[2] *Doe v. Tonti Mgmt. Co., L.L.C.*, 24 F.4th 1005, 1008 (5th Cir. 2022) (citation omitted).

[3] *Askanese v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir. 1993) (internal quotation marks and citation omitted).

[4] *Id.* (citation omitted).

No. 22-30493

Accordingly, because there is no final and appealable decision, this appeal is DISMISSED for lack of jurisdiction.