**Reversed and Rendered and Memorandum Majority and Concurring Opinions filed March 21, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00398-CV

---

## TAYLOR MORRISON OF TEXAS, INC. AND TAYLOR WOODROW COMMUNITIES—LEAGUE CITY, LTD., Appellants

### V.

## MATTHEW GLASS AND MADELINE GLASS, Appellees

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 20-CV-0857**

---

### MEMORANDUM CONCURRING OPINION

I concur in the judgment because of this court's precedent, but I do not believe this court has subject-matter jurisdiction under Civil Practice and Remedies Code section 51.016 and title 9, United States Code, section 16(a)(1)(B). Tex. Civ. Prac. & Rem Code Ann. § 51.016; 9 U.S.C. § 16(a)(1)(B); *see CMH Homes v. Perez*, 340 S.W.3d 444, 451 & n.7 (Tex. 2011). The proper remedy is mandamus. Tex. R. Civ.

P. 52; *see CMH Homes*, 340 S.W.3d at 451 & n.7.

Given the increasing prevalence of cases involving arbitration agreements, this determination of our subject-matter jurisdiction over appellate review of those agreements appears to be important to the jurisprudence of the state and dependent on a federal statute that is interpreted differently by the federal courts of appeals.[1] This is a job for the supreme court, and I commend this question to the justices. Tex. Gov't Code Ann. § 22.001(a).

I concur in the judgment.


/s/      Charles A. Spain
         Justice


Panel consists of Justices Zimmerer, Spain, and Poissant (Poissant, J., majority).

---

[1] Cases from the United States Courts of Appeal for the Second, Fifth, Eighth, and Ninth Circuits have all concluded, generally, that jurisdiction under section 16(a)(1)(B) is lacking "absent an order *denying arbitration outright*." *Webb v. Farmers of N. Am., Inc.*, 925 F.3d 966, 969 (8th Cir. 2019) (emphasis added) ("This conclusion is consistent both with the decision of every circuit that has considered this issue and with the purpose of Section 16 to move parties into arbitration rapidly and without obstruction."); *see Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 814 F.3d 300, 303 (5th Cir. 2016) (concluding, "[c]onsistent with the purpose of Section 16 and with every circuit that has considered this issue," that *interlocutory appeal is not available when parties are ultimately compelled to arbitrate their claims*) (emphasis added); *Bushley v. Credit Suisse First Boston,* 360 F.3d 1149, 1153 (9th Cir. 2004) (concluding that because trial court "ordered arbitration to proceed under 9 U.S.C. § 4, we are without jurisdiction under § 16(b)(2)," despite parties' contention that order effectively denied arbitration as they requested under § 16(a)(1)(B)); *Augustea Impb Et Salvataggi v. Mitsubishi Corp.*, 126 F.3d 95, 99 (2d Cir. 1997) ("[A] party cannot appeal a district court's order unless, at the end of the day, the parties are forced to settle their dispute other than by arbitration.").